# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIAN OLIVEROS LOPEZ,<br><br>                    Petitioner,<br><br>          v.<br><br>TODD M. LYONS, et al.,<br><br>                    Respondents. | Case No. 5:26-cv-04225-MBK<br><br>ORDER GRANTING PETITION AND ISSUING A WRIT OF HABEAS CORPUS |

## I.    SUMMARY OF ORDER

Petitioner Adian Oliveros Lopez is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. In this action, Mr. Oliveros Lopez challenges the legality of his continued detention without an individualized bond hearing. The Parties agree that Petitioner is eligible for a bond hearing as a member of the Bond Eligible Class certified in *Maldonado Bautista*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). The Court

therefore orders that the Petition be granted and Respondents provide Petition with a bond hearing within seven (7) days of the date of this Order.

## II.     FACTS AND PROCEDURAL HISTORY

Petitioner Adian Oliveros Lopez, a native and citizen of Mexico, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Dkt. 1 at 4. Mr. Oliveros Lopez entered the United States in May 2021. *Id.* He has lived in the United States continuously since that time. *Id.* He was arrested by ICE on April 17, 2026, when he presented himself before the state court for a criminal matter. *Id.* During his time in the United States, Petitioner has been arrested for driving under the influence of alcohol, driving without a license, and lewd and lascivious acts with a child under the age of 14. *Id.* at 4-5.

DHS issued a Form I-862 Notice to Appear in immigration court, alleging that Petitioner is "an alien present in the United States who has not been admitted or paroled." *Id.* at 5. He is charged with being subject to removal from the United States pursuant to INA § 212(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived at any time or place other than as designated by the Attorney General." *Id.* at 5 (citing 8 U.S.C. § 1182(a)(6)(A)(i)).

On June 9, 2026, Petitioner had a bond redetermination hearing with an Immigration Judge ("IJ") at the Adelanto Immigration Court, and the IJ denied bond. *Id.* This bond hearing was conducted pursuant to 8 U.S.C. § 1226(a). *Id.* According to the Order, the IJ denied bond because it "does not have authority, jurisdiction, and venue" under INA § 236(a) "to conduct a bond hearing in this matter." *Id.* The Order noted that "[o]f significance, the February 18, 2026, order in *Maldonado Bautista* vacating *Matter of Yahure*

*Hurtado*, 29 I&N Dec.216 (BIA 2025) was stayed by the United States Court of Appeals for the Ninth Circuit." *Id.*

Petitioner filed the instant Petition on July 28, 2026. Dkt. 1. He contends that his detention violates several immigration statutes and regulations, the Administrative Procedure Act, and the Fifth Amendment. *Id.* at 12-14. He also alleges that he is a member of the Bond Eligible Class certified in in *Maldonado Bautista*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) *Id.* at 13. Petitioner asks the Court to order Respondents to provide him with a bond redetermination hearing. *Id.* at 15. The Court issued Notice of General Order 26-05 and Briefing Schedule on July 28, 2026. Dkt. 5.

Respondents timely filed their Answer on August 4, 2026. Dkt. 8. They do not contest Petitioner's allegation that he is a member of the Bond Eligible Class certified in *Maldonado Bautista*. Dkt. 8 at 2.  Respondents "do not oppose the entry of an order requiring a bond hearing under § 1226(a)." *Id.* The parties consented to jurisdiction of the undersigned Magistrate Judge. Dkt. 6.

### III.  DISCUSSION

In this habeas action, Petitioner Oliveros Lopez claims that he is entitled to a bond hearing as a member of the *Maldonado Bautista* class. Respondents concede that Petitioner appears to be a member of the *Maldonado Bautista* class and do not object to providing him a bond hearing. As such, the final judgment in *Maldonado Bautista* has preclusive effect here because Petitioner and Respondents are parties in *Maldonado Bautista*. *See Granados v. Warden et al.*, No. 5:26-CV-00670-AH-DFM, 2026 WL 852211, at *3 (C.D. Cal. Mar. 25, 2026) ("it appears that Respondents are precluded from relitigating whether "Bond Eligible Class" members—such as

Petitioner—are entitled to the relief provided in the Bautista final judgment"); *Miguel Angel Cortez Lozano v. Ernesto Santacruz Jr. et al.*, No. 5:26-cv-00313-SSS-BFM, 2026 WL 325462, at *4 (C.D. Cal. Feb. 4, 2026). *See generally De Corral v. Woosley*, No. 4:25-cv-145-BJB, 2026 WL 524778, at *3 (W.D. Ky. Feb. 25, 2026) ("Under settled principles of collateral estoppel, the Central District's final declaratory judgment binds the parties 'with respect to the matters declared.'") (quoting Restatement (Second) of Judgments § 33). Accordingly, Petitioner is entitled to the relief required by the *Maldonado Bautista* final judgment—namely, a bond hearing under Section 1226(a).

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS that (1) the Petition be GRANTED; (2) Respondents are enjoined from continuing to detain Petitioner Adian Oliveros Lopez (A# 246-058-885) unless he is provided with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order; and (3) Respondents shall file a status report no later than ten (10) days from the date of this Order confirming that Petitioner has been afforded a bond hearing in compliance with this Order.

Dated: August 10, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

4